Louise **COOK**, as Personal Representative of the Estate of Daniel F. Tessier, and Jonathan Tessier, a minor, Plaintiffs,

v.

Rick **ROTH**, as Sheriff of Monroe County, Florida, Defendant.

No. 02–10064–CIV–KING.

United States District Court, S.D. Florida, Miami Division.

May 29, 2003.

Robert Ader, Esq., Miami, Counsel for Plaintiff.

Bruce Jolly, Esq., Ft Lauderdale, Counsel for Defendant.

### ORDER TENTATIVELY GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND GRANTING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OTHER SUICIDES

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion *in Limine* to Exclude Expert Witness Testimony and Motion *in Limine* to Preclude Reference to other Suicides both filed on March 24, 2003. These motions were filed in response to the Court's instructions at the Status Conference held on March 7, 2003.

■ In its Motion to Exclude Expert Witness Testimony, Defendant relies on Eleventh Circuit case law holding that weaknesses in a jail's screening methods aimed at identifying an inmate's suicidal tendencies, without more, is insufficient to show deliberate indifference. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir.1994). The Eleventh Circuit held that "deliberate indifference can only be established where a plaintiff demonstrates a 'strong likelihood, rather than a mere possibility,' that a suicide would result from defendant's actions or inactions." *Id.* (quoting *Edwards v. Gilbert,* 867 F.2d 1271, 1276 (11th Cir.1989)). The record at this time is incomplete regarding the totality of the evidence to be yet presented on this issue. Plaintiffs may, or may not, meet their burden of demonstrating that the threshold (on deliberate indifference) has been met. This burden of proof must be met prior to the offering of expert testimony on screening procedures. Thus, the expert is precluded from testifying until such time as Plaintiffs present other evidence, besides inadequacies in the screening process, which give rise to a strong likelihood of deliberate indifference on the part of Defendant.

In his separate Motion to Exclude Evidence of Other Suicides, Defendant seeks to preclude Plaintiffs from introducing evidence of other inmate suicides at the jail, arguing that the other suicides are irrelevant and unduly prejudicial. Plaintiffs argue that the evidence of the other suicides within a 23 month span shows "Defen-

dant's generalized business practice or habit [with] regards [to] the detection and prevention of suicides in general." (Pls.' Resp. at 3.) Plaintiffs claim that "[p]roof of prior suicides and the specifics of such, including Defendant's reaction thereto, are elemental to Plaintiffs' claims, and should not be excluded." (Pls.' Resp. at 6.)

In making this argument, Plaintiffs cite to *Greason v. Kemp* where the Eleventh Circuit allowed plaintiff to introduce evidence of a previous suicide at a jail to allow the jury to determine whether defendant's failure to revamp inadequacies in the jail personnel's mental health and psychiatric care training program constituted deliberate indifference. 891 F.2d 829, 837–38 (11th. Cir.1990). However, the facts in *Greason* are distinguishable from the facts of the instant case. In *Greason*, the prison psychiatrist abruptly discontinued an inmate's medication without reviewing information available to him discussing the inmate's previous suicidal tendencies. *Id.* at 831–33. The court noted that the prison's clinical director was aware of "the severe lack of staff members capable of providing psychiatric care to the inmates." *Id.* at 837. The director, as the prison psychiatrist's supervisor, reviewed the psychiatrist's notes and was also aware of a previous incident in which the psychiatrist's discontinuation of another inmate's medication led to that inmate committing suicide. *Id.* at 838.

■ This record is devoid of evidence showing that the previous suicides would be relevant to Defendant's ability to foresee the suicide of Plaintiffs' decedent or Defendant's complete indifference to the decedent.

Accordingly, after a careful review of the record, the motions and the responses thereto, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion *in Limine* to Exclude Expert Witness Testimony be, and the same is hereby, TENTATIVELY GRANTED. However, Plaintiffs may attempt to reintroduce expert testimony at trial once they have established other evidence tending to show deliberate indifference on the part of Defendant. It is further

ORDERED and ADJUDGED that Defendant's Motion *in Limine* to Preclude Evidence of Other Suicides be, and the same is hereby, GRANTED.